In the Matter of the Estate of BERTHA E. RANDOLPH, Deceased.

Surrogate's Court, Kings County, March 16, 1933.

*Duncan & Bruchhausen,* for the petitioners.

*Anderson, Gasser, Ferris & Anderson,* for Greenwood Cemetery.

*George L. Naught,* for American Surety Company.

WINGATE, S. The gross estate of this testatrix amounted to $6,400.94. The funeral and administration expenses, as stated in the account, aggregate $1,338.25, of which $520 was paid to the undertaker. This leaves a net estate for distribution, subject to the commissions of the executor and the expenses of this accounting, of $5,062.69. The general legacies, the payment of which the will directs, aggregate $5,700; wherefore, an abatement is obviously unavoidable.

The sole question presented is as to whether a legacy to Greenwood Cemetery, in the sum of $1,500 for perpetual care of testatrix's burial plot, is subject to *pro rata* abatement with the other general legacies of the will, or is entitled to preferential treatment. The cemetery contends that this gift should be paid in full as a reasonable funeral expense.

In the course of its opinion in *Matter of Smallman* (138 Misc. 889) this court gave rather more than passing attention to the theory upon which a preference for funeral expenses is based, and pointed out (p. 892) that the fundamental basis for any preferment rested upon the statutory directions contained in section 216 of the Surrogate's Court Act, in which the executor is directed to pay the " reasonable funeral expenses of decedent " from the first moneys coming into his hands.

The opinion continues (p. 893): " By the express terms of the

statute, reasonableness of expense is made a criterion of preference, and its direct and emphatic deletion seems hardly within the scope of statutory construction.

"A determination of the amount of expenditure which is to be considered reasonable must, in this regard, of necessity vary with the differing circumstances of particular testators, but as to any sum beyond that required for the respectable disposal of the remains, and adequate care and marking of the burial place in accordance with the means and station in life of the deceased, this court is disposed to agree with the result of the late Surrogate FOWLER * * * that a bequest of this nature is a charitable use payable only on a parity with other general legacies."

Nothing has come to the attention of the court since the date of this decision to cause a change in its views as thus expressed.

The question then arises as to whether an expenditure of $520 for undertaking, plus $1,500 for care of plot, is a reasonable sum in a net estate of about $5,400, amounting, as it does, to over thirty-seven per cent thereof. In the opinion of the court it is obviously unreasonable, where, as in the present instance, it would be at the expense of the chosen beneficiaries specified in testatrix's will. Preference will, therefore, be disallowed.

It might be urged that there is also an implied intent of the testatrix to be gathered from the will that this bequest is to be treated solely as an ordinary general legacy by reason of the fact that its first item embodies an express direction to her executor to pay her "just debts and funeral expenses." A contention is, therefore, possible that this phrase covered the entire subject-matter of the statutory preference. The court, however, prefers to place its decision on the basis of reasonableness, and to hold that for an estate of this size, the amount of the undertaker's bill alone, nearly, if not wholly, exhausted the possibilities in this direction.

Proceed accordingly.